# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:05CV500-02-MU

| | | |
|---|---|---|
| **CHARLES WILLIAM COOK,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **TODD PINION,** | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed November 30, 2005.

The petitioner's form-Petition is incomplete concerning the procedural history of his case. Indeed, the Petition reports that on May 23, 2002, the petitioner pled guilty to charges of "Breaking/ Entering [and] Larceny" in the Superior Court of Mecklenburg County. Consequently, on that occasion, the Court convicted the petitioner of those offenses, determined that he was an Habitual Felon, and sentenced him to a total term of 101 to 131 months imprisonment.

The petitioner's Petition further reports that he did not file a direct appeal of those matters. Rather, at some point, presumably in about August 2003, the petitioner commenced his pursuit of collateral post-conviction review by filing his Motion for Appropriate Relief in the Superior Court of Mecklenburg

County.  Such MAR reportedly was denied on August 25, 2003.

Next, the Petition reports that at some point the petitioner went to the State Court of Appeals and filed a Petition for a Writ of Certiorari, seeking review of the trial court's denial of his MAR.  However, that Certiorari Petition was denied on March 9, 2005.  In August 2005, the petitioner filed a second unsuccessful MAR in the trial court.  Then, the petitioner filed a second Certiorari Petition, which was denied October 10, 2005.

Consequently, the petitioner then came to this Court on the instant Petition for federal habeas relief.  Nevertheless, in light of the holes in the petitioner's factual recitation, the Court finds that it cannot determine whether or not the instant Petition was timely filed.  To put it simply, the Court cannot determine whether or not the petitioner is entitled to any review on the instant Petition.

That is, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides that Petitions such as the instant one be filed within the 1-year period after the underlying conviction and/or sentence has become final.  Here, however, the petitioner has provided incomplete information concerning pertinent dates on which he filed his Motions and Petitions during the collateral review phase of his case.

Prior to early 2002, federal district courts routinely dismissed habeas corpus petitions which--like this one--appeared on their faces to be time-barred under the AEDPA.  However, in

January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Consequently, the Court believes it should give the petitioner an opportunity to demonstrate that his Petition has been timely filed.

To that end, the Court will give the petitioner twenty (20) days in which to file a document explaining why his Petition for a Writ of Habeas Corpus should be construed as timely filed. In particular, the petitioner should advise the Court of all of the dates critical to this Petition, including the date(s) on which he filed his MARs and his Certiorari Petitions, along with any other matters which he believes could impact a determination of the timeliness of the instant Petition.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** within twenty (20) days of the date of this Order, the petitioner shall file the above-described document, explaining why the instant Petition for a Writ of Habeas Corpus should be construed as timely filed. **THE PETITIONER IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS DIRECTIVE COULD SUBJECT THE INSTANT PETITION TO SUMMARY DISMISSAL.**

**SO ORDERED.**

**Signed: December 19, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge