IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV500-MU-02

| | |
|---|---|
| CHARLES COOK, )<br>    Petitioner, )<br>)<br>       v. )<br>)<br>TODD PINION, Supt., )<br>    Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on an initial review of the petitioner's Petition for a Writ of Habeas Corpus, filed November 30, 2005. For the reasons stated herein, the petitioner's case will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

As the Court noted in its earlier Order of December 19, 2005 entered pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the petitioner's form-Petition is sketchy concerning the procedural history of his underlying criminal case. As best as could be determined, on or about May 23, 2002, the petitioner pled guilty to "Breaking/Entering [and] Larceny." Accordingly, on that occasion, the Superior Court of Mecklenburg County convicted the petitioner of those offenses. The Court then determined that the petitioner was an Habitual Felon, and sentenced him to a term of 101 to 131 months imprisonment.

Next, the Petition reports that the petitioner did <u>not</u> file a direct appeal of those matters. Rather, after for some period, the petitioner filed a Motion for Appropriate Relief ("MAR" hereafter) in the Superior Court of Mecklenburg County, alleging ineffective assistance of counsel and other grounds which he failed to specify in his Petition. In any event, the Petition indicates that the petitioner's MAR was summarily denied by an Order filed August 25, 2003. Then, at some subsequent unspecified point, the petitioner went to the North Carolina Court of Appeals, seeking Certiorari review for the denial of his MAR. However, the State appellate Court denied the petitioner's Certiorari Petition.

Next, on August 1, 2005, the petitioner returned to the Superior Court of Mecklenburg County with his second MAR. That time, the petitioner argued that the indictment by which he was charged was fatally flawed. Once again, however, the petitioner's MAR was denied by the Court's August 29, 2005 Order. Last, the petitioner's pursuit of collateral review was concluded when the State Court of Appeals denied his final Certiorari Petition on October 5, 2005.

Consequently, on November 30, 2005, the petitioner came to this Court with the instant federal <u>Habeas</u> Petition, seeking relief from his State court convictions and sentence. Specifically, by the instant federal Petition, the petitioner argues that the Habitual Felon Indictment was fatally flawed due to the State's reliance upon a previously sustained juvenile conviction. The

petitioner also argues that the subject indictment was defective due to the State's failure to give him prior notice of its intention to rely upon the juvenile conviction. In addition, the petitioner contends that the State's use of his prior juvenile conviction in the Habitual Felon Indictment violates recently announced State court precedent. Last, the petitioner argues that he was subjected to ineffective assistance of counsel, due to counsel's alleged failure to have raised the foregoing matters during the trial proceedings.

Apparently, the petitioner recognized that his Petition might be construed as time-barred inasmuch as he attempted to articulate a reason why it should not be dismissed as untimely filed. That is, in his Petition, the petitioner asserted that pursuant to 28 U.S.C. §2244(d)(1)(D), his claims were not time-barred since he filed them within one year of his having discovered the factual predicate for those matters, i.e., that it was unlawful for the State to have used a juvenile conviction as a predicate for his Habitual Felon Indictment. However, because the Court was not altogether convinced of that position, the undersigned directed the petitioner to file a response addressing the timeliness of his Petition.

That is, by its <u>Hill</u> Order, the Court explained the 1-year limitations period as imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA" hereafter). Further, in accordance with the <u>Hill</u> decision, the Court's Order gave the

petitioner twenty days in which to file a document setting forth the missing information, and explaining why his Petition should be construed as timely filed. By the terms of the Court's Order, such document should have been filed with this Court no later than January 9, 2006.

Notwithstanding that directive, the Court has reviewed the docket and determined that the petitioner's deadline expired a week ago, but he still has not filed any response to the Court's <u>Hill</u> Order. Similarly, the petitioner has not sought an extension of time in which to file a response to the Court's <u>Hill</u> Order. Accordingly, this Court has now concluded that the petitioner has failed to demonstrate that he filed this Petition within the one-year limitations period set forth under the "AEDPA," or that despite his delay, such Petition should be construed as timely filed.

## **II. ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the AEDPA, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2244(d)(1)(A)-(D).

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d)(2).

As has been noted, the instant Petition reports that the petitioner sustained his convictions on May 23, 2002, and that he did not appeal those matters. Therefore, based upon relevant legal precedent, this Court must conclude that the petitioner's convictions and sentence became final no later than June 6, 2002-- that is, at the expiration of the brief period during which he could have (but did not) file a direct appeal of those matters. See N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal).

More critically, inasmuch as the petitioner's convictions and sentence became final by June 6, 2002, pursuant to the provisions

of the AEDPA, and in the absence of any other intervening occurrence, he had up to and including June 6, 2003 in which to file the instant habeas Petition.  See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also  28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.")

Obviously, the petitioner did not file this Petition by such June 2003 date.  Indeed, as best this Court can determine, the petitioner took no action at all regarding his State convictions until sometime in August 2003, when he commenced his pursuit of collateral review in State court with the filing of his first MAR.  However, by the time that such MAR was filed, more than one year had already passed since June 6, 2002, when the petitioner's convictions and sentence had become final.  Thus, the fact that the petitioner eventually sought collateral review of his case is of little consequence since he did not commence his pursuit of that review until after his federal one-year deadline already had passed.

Furthermore, although the petitioner has asserted that the instant Petition was filed within one year of his discovery of the core issue in this Petition, the exception upon which he is attempting to rely is very narrowly drawn.  Indeed, to satisfy this

standard of "due diligence" in discovering the factual predicate for a claim, the petitioner must establish that the vital facts of such claim could not have been discovered before the actual discovery date.

In the instant case, the petitioner clearly was aware that his prior juvenile conviction was a predicate for his Habitual Felon Indictment at the time that he pled guilty and was sentenced. Therefore, even assuming that it was unlawful for the State to have used that conviction for those purposes, that is a matter which the petitioner could have discovered through reasonable inquiry at or shortly after the time he was convicted and sentenced.

Moreover, the petitioner's reliance upon a recent change in State law--which purportedly imposes additional requirements before Habitual Felon sentences can be sought--also is unavailing. To be sure, 28 U.S.C. §2244(d)(1)(C) provides that the one-year period can be calculated as running from the date on which the constitutional right upon which the petitioner relies is recognized by the U.S. Supreme Court. In other words, a change in law as recognized by an inferior State court simply is not sufficient to alter the calculation of the petitioner's one-year limitations period.

Finally, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations

period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period and that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his Habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED.**

**SO ORDERED.**

**Signed: January 20, 2006**

Graham C. Mullen
Chief United States District Judge